**Elizabeth Stanton, Appellee, v. Chicago City Railway Company, Appellant.**

**Gen. No. 19,331.   (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. JOHN A. DOWDALL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed October 6, 1914.

Stanton v. Chicago City Ry. Co., 188 Ill. App. 502.

## Statement of the Case.

Action by Elizabeth Stanton against Chicago City Railway Company to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. The declaration contained one count, and alleged that while the plaintiff was entering a street car owned and operated by the defendant in the city of Chicago, and before the plaintiff was able to get securely upon the platform of the car, the defendant, through its servants in charge of the operation and management of the car, negligently started the car forward without notice or warning to her, and with unusual force and violence, so that the plaintiff was thereby thrown from the car to and upon the ground and injured. From a judgment in favor of plaintiff for sixty-five hundred dollars, defendant appeals.

The defendant contends on the record that the verdict and judgment on the issue of liability are manifestly contrary to the preponderance of the evidence; that the damages are grossly excessive on any theory of the injury; that plaintiff's counsel made many improper and incurably prejudicial statements on the trial; that the court erred in giving an improper instruction; and also erred in admitting incompetent evidence.

CHARLES LeROY BROWN, for appellant; LEONARD A. BUSBY, JAMES G. CONDON and WARNER H. ROBINSON, of counsel.

JAMES C. McSHANE and RICHARD J. FINN, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1514*—*when conduct of counsel in accusing opposing party and counsel of improper motives reversible error.* Misconduct of counsel throughout the trial and in suggesting improper motives to the opposing party and counsel and in making accusations that they were guilty of deception and other dishonorable methods, when there is no basis in the proceedings or the evidence to warrant such insinuations or accusations, *held* reversible error.

2. CARRIERS, § 482*—*sufficiency of instruction.* In an action against a street railway company to recover for personal injuries alleged to have been caused by the negligence of the defendant in suddenly starting its car when plaintiff was boarding it, an instruction given for plaintiff which told the jury: "If under the evidence and instructions of the court, you find that the defendant is legally liable for and on account of plaintiff's alleged fall from or in connection with the street car; and if you further find from the evidence that plaintiff sustained injury to her spine as a direct and proximate result of said fall; then, and in such event, you are instructed that even though plaintiff had tubercular germs in her blood at the time of said fall, yet, if you further believe from the evidence that as a natural and proximate result of said injury said tubercular germs lodged at the point of said injury, and thereby caused a diseased condition of her spine, and that such diseased condition of her spine would not have occurred except for said fall and injury, then the defendant is legally responsible for said diseased condition of her spine," *held* objectionable as submitting to the jury a question of law, whether the defendant was liable, instead of submitting the question of fact, whether defendant was guilty of negligence in operating the car, but *held* not objectionable as authorizing a recovery for an aggravation of plaintiff's diseased condition on the ground that the declaration did not claim damages therefor.

3. CARRIERS, § 472*—*when opinion of expert inadmissible as being on an ultimate fact.* In an action against a street railway company for personal injuries sustained by a plaintiff caused by a fall from a car when plaintiff was attempting to board it, permitting an expert witness to give an opinion whether the accident caused or produced plaintiff's subsequent physical condition, *held* improper as permitting the witness to give an opinion on an ultimate fact, it appearing there was a dispute as to the manner of the injury and whether or not the fall was the cause of plaintiff's subsequent condition.

4. DAMAGES, § 115*—*when recovery for personal injuries excessive.* A verdict of sixty-five hundred dollars for personal in-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

juries alleged to have resulted from a fall, *held* excessive where the only substantial injury claimed by plaintiff was that she suffered from Pott's disease, or tubercular spondylitis, which did not seem to be supported by the evidence, and it appeared that plaintiff had substantially recovered.